OPINION of the court, by
Judge Owsley.
John Haddy, together with Nathaniel Foster, the appellant, h‘s security, executed an obligation for the payment of one hundred dollars to Forman. For the purpose of recovering his debt, Forman commenced suit in lhe Fleming circuit court against both Haddy and Foster. The writ being executed on Haddy only, judgment was obtained against him and Basil Hunt his appearance bail. Forman then being about to sue out an alias capias against Foster, an agreement was made be-tween them, whereby Foster agreed to confess judg-';Yient f°r tne amount of the debt and interest, and was to have permission to prosecute the judgment against
Haddy and Hunt for his benefit. Judgment was ac- *33 cordingiv confessed by Foster. After which Forriiatt sold the benefit of both judgments to John Hunt, the brother of Basil Hunt, and refused to permit Foster to prosecute the judgment against Haddy and Basil Hunt. To prevent process issuing on the judgment against •Foster, he exhibited his bill in chancery against John Hunt and Forman, stating the aforesaid facts, ‘and charging that Haddy paid Basil Hunt the amount of the judgment against them, and that John Hunt had paid the debt to Forman out of the funds of Basil Hunt, and for his benefit. Haddy and John Hunt by their answers deny the charge of payment as alleged by Foster On a final hearing, the court dissolved the injunction which had been granted Foster, and dismissed his bill; from which decree this appeal is prosecuted.
One main ground of Foster’s equity is that John Hunt purchased and paid for the judgment out of the funds of Basil Hunt and for his benefit. To make the determination of a cause involving such an enquiry final, Basil Hunt should most assuredly be a party. He must necessarily be interested in the fact of payment; whether it was made out of his funds and for his benefit, materially and essentially affects him. To authorise a decree in favor of Foster, Basil Hunt ought to have had an opportunity of controverting his grounds of equity He should have been made a party tojJhe suit. We think also, that John Haddy should have been made a party. His interest and relative situation to all parties concerned in this controversy seems peculiarly to require that he should be before the court. Haddy and Basil Hunt not having been made parties to this suit, it is deemed unnecessary to inquire into the truth of those.fact3 upon which Foster relies for relief. For where all necessary and proper parties are not made, the complainant may be permitted to amend his bill, or in the proper exercise of discretion, the court may dismiss the bill without prejudice. Foster having failed to make the proper parties in this case, the court had the power, and we cannot say they Have abused that power by dismissing Foster’s bill. But as the proper parties were not before the court, the dismissal should have been without prejudice to the right of Foster to prosecute another suit. It is therefore decreed and or *34 dered that the decree of the circuit court dismissing the bill, be reversed, but that the cause be remanded to that court, for a decree to be entered dismissing the bill without any prejudice to the right of Foster to pío-secute another suit. It is also decreed that each party pay his own costs in this court.